IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ZABIULLAH ATTAIE, | ) | 4:10CV3238 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| TELEX COMMUNICATIONS, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff filed his Complaint in this matter on December 10, 2010. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## *I. SUMMARY OF COMPLAINT*

Plaintiff filed his Complaint in this matter on December 10, 2010, against Telex Communications, Inc. ("Telex"). (Filing No. 1 at CM/ECF p. 1.) Condensed and summarized, Plaintiff alleges that Telex retaliated against him because he filed administrative charges against Telex with the Nebraska Equal Opportunity Commission ("NEOC"). (*Id*. at CM/ECF pp. 2, 8.) Specifically, Plaintiff alleges Telex provided negative references to his prospective employers, sent "Mohammed Janger" to "threaten" him, and sent three men "to spy" on him. (*Id*.) As part of his Complaint, Plaintiff attached an April 7, 2010, charge of discrimination that he filed with the NEOC and a November 23, 2010, right to sue letter. (*Id*. at CM/ECF pp. 2, 7-8.) Plaintiff asks the court to help him get money. (*Id*. at CM/ECF p. 5.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III. DISCUSSION OF CLAIMS

Liberally construed, Plaintiff alleges that Telex retaliated against him for filing administrative charges against Telex. (Filing No. 1 at CM/ECF pp. 2, 8.) Specifically, Plaintiff alleges that Telex provided negative references to his prospective employers and harassed him by sending people to "threaten" and "spy" on him. (*Id*.) The court will address these retaliation claims in turn.

First, Plaintiff alleges that Telex retaliated against him by providing negative references to prospective employers. (*Id*.) To establish a retaliation claim under Title VII, Plaintiff must show that "he engaged in statutorily protected conduct, that defendant[] took an adverse employment action against him, and that there was a causal link between the two actions." *McCullough v. Univ. of Ark. for Med. Scis.*, 559 F.3d 855, 864 (8th Cir. 2009). For Telex's alleged negative employment references to constitute an adverse employment action, Plaintiff must show that Telex disseminated false information "that a prospective employer would view as material to its hiring decision." *Szymanski v. County of Cook*, 468 F.3d 1027, 1029 (7th Cir. 2006).

Here, Plaintiff alleges that Telex provided negative employment references to "numerous" prospective employers including Kawasaki and Tri-Con. (Filing No. 1 at CM/ECF pp. 2, 8.) However, Plaintiff does not provide factual allegations to show that the negative employment references actually occurred. Plaintiff does not specify the content of the alleged negative references, nor does he state that Telex disseminated false information. Further, Plaintiff's Complaint contains no factual allegations to suggest a "causal link" between the negative employment references and Plaintiff's filing of administrative charges against Telex.

Second, Plaintiff alleges that Telex retaliated against him by sending people to "threaten" and "spy" on him. (*Id*.) Plaintiff, however, does not provide factual allegations to suggest a "causal link" between these alleged acts of harassment and Plaintiff's filing of administrative charges against Telex.

In short, Plaintiff's allegations do not allow the court to reasonably infer that Telex is liable for the misconduct alleged.[1] Thus, Plaintiff's retaliation claims fail to

---

[1] The court notes that Plaintiff's claims are similar to those previously litigated in case number 4:08CV3227. (*Compare* Case No. 4:10CV3238, Filing No. 1 *with*

state a claim upon which relief may be granted. However, on the court's own motion, Plaintiff shall have 30 days in which to amend his Complaint to clearly allege a retaliation claim against Telex. Any amended complaint shall restate the allegations of Plaintiff's current Complaint (filing no. 1) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have until **April 11, 2011**, to amend his Complaint and clearly state a claim upon which relief may be granted against Telex, in accordance with this Memorandum and Order. If Plaintiff fails to file an amended complaint, Plaintiff's claims against Telex will be dismissed without further notice for failure to state a claim upon which relief may be granted.

2. In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint (filing no. 1), and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

---

Case No. 4:08CV3227, Filing No. 7.) In Plaintiff's prior suit, he alleged that Telex (1) provided negative references to his prospective employers, (2) forced his ex-wife to divorce him and then supported her through the divorce proceedings, (3) forced his ex-wife into a relationship with a Telex employee and directed that employee to harass Plaintiff about the relationship, and (4) hired someone to kill him. (Case No. 4:08CV3227, Filing Nos. 1 and 7.) This court adjudicated Plaintiff's prior suit on the merits (by way of summary judgment) and entered judgment in favor of Telex. (Case No. 4:08CV3227, Filing Nos. 42 and 43 (judgment entered December 22, 2009).) Although Plaintiff's current Complaint raises similar claims to those previously addressed by this court, the acts complained of allegedly occurred after Plaintiff filed his prior suit. (*See* Case No. 4:08CV3227, Filing Nos. 1 and 7.)

3.	The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on **April 11, 2011**, and dismiss if none filed.

4.	Plaintiff shall keep the court informed of his current address at all times while this case is pending. **Failure to do so may result in dismissal without further notice.**

DATED this 9th day of March, 2011.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.