IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ZABIULLAH ATTAIE, | ) | 4:10CV3238 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| TELEX COMMUNICOTINS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on its own motion. On March 9, 2011, the court conducted an initial review of Plaintiff's Complaint and found that Plaintiff failed to state a claim upon which relief may be granted as to all claims asserted. (Filing No. 8.) In particular, the court determined that:

> Plaintiff does not provide factual allegations to show that the negative employment references actually occurred. Plaintiff does not specify the content of the alleged negative references, nor does he state that Telex disseminated false information. Further, Plaintiff's Complaint contains no factual allegations to suggest a "causal link" between the negative employment references and Plaintiff's filing of administrative charges against Telex. Second, Plaintiff alleges that Telex retaliated against him by sending people to "threaten" and "spy" on him. Plaintiff, however, does not provide factual allegations to suggest a "causal link" between these alleged acts of harassment and Plaintiff's filing of administrative charges against Telex. In short, Plaintiff's allegations do not allow the court to reasonably infer that Telex is liable for the misconduct alleged.

(*Id.* at CM/ECF p. 3.) In light of these pleading deficiencies, the court granted Plaintiff an opportunity to amend.

In response, Plaintiff filed an Amended Complaint on April 11, 2011. (Filing No. 9.) The allegations of the Amended Complaint are sparse and confusing. As best as the court can tell, Plaintiff again alleges generally that he was harassed, that Defendant provided bad references, and that he had carpal tunnel surgery which resulted in fees. (*Id.*) Plaintiff also

complains about an individual named "Mohammed" who has some relationship with Plaintiff's ex-wife. (*Id.*) After careful review of the Amended Complaint, the court finds that, even after amendment, Plaintiff has failed to state a claim upon which relief may be granted. See *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (holding that, regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim). For these reasons, and the reasons set forth in the court's March 9, 2011, Memorandum and Order, this matter is dismissed without prejudice.

IT IS THEREFORE ORDERED that:

1. This matter is dismissed without prejudice because the Amended Complaint fails to state a claim upon which relief may be granted.

2. A separate judgment will be entered in accordance with this Memorandum and Order and the court's March 9, 2011, Memorandum and Order.

DATED this 20th day of June, 2011.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

2